Filed 11/19/15  Vargas v. Sai Monrovia B, Inc.  CA2/1
Opinion on remand

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JORGE A. VARGAS et al., | B237257 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC452879) |
| v. | |
| SAI MONROVIA B, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed

Rosner, Barry & Babbitt, Hallen D. Rosner, Christopher P. Barry and Angela J. Smith for Plaintiffs and Appellants.

Arent Fox, Aaron H. Jacoby, Christian J. Scali, Victor P. Danhi; The Scali Law Firm and Christian J. Scali for Defendants and Respondents.

_____

Plaintiffs Jorge Vargas and Guadalupe Carcamo filed a putative class action against SAI Monrovia B, Inc., doing business as Assael BMW Mini of Monrovia (Assael), BMW of North America, LLC (BMW), and JP Morgan Chase Bank, N.A. (erroneously sued as Chase Auto Finance Corporation) (Chase), alleging violations of the Consumers Legal Remedies Act (CLRA) (Civ. Code, §§ 1750–1784), the Automobile Sales Finance Act (Civ. Code, §§ 2981–2984.6), the California Unfair Competition Law (Bus. & Prof. Code, §§ 17200–17210), the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (Civ. Code, §§ 1790–1795.8), and the California Tire Recycling Act (Pub. Resources Code, §§ 42860–42895).  The trial court granted a motion to compel arbitration filed by Assael and Chase, except with respect to a Song-Beverly Act cause of action that was asserted against BMW, which was not a party to the contract of sale that mandated arbitration.  The court also granted Assael's motion to strike the class allegations in the complaint.

Plaintiffs appealed.  In a published opinion, we reversed on the ground the arbitration provision was unconscionable.  (*Vargas v. SAI Monrovia B, Inc.* (June 4, 2013, B237257) (prior opinion).)  The California Supreme Court granted review.  After the Supreme Court filed its decision in *Sanchez v. Valencia Holding Company, LLC* (2015) 61 Cal.4th 899 (*Sanchez*), in which this court addressed an identical contract form containing an identical arbitration provision in the automobile purchase context, it returned this case with directions to vacate and reconsider in light of *Sanchez*.  We now do so, and affirm the trial court's orders because, under *Sanchez*, the arbitration provision is not unconscionable.  Moreover, the class action waiver provision in the arbitration provision is enforceable.  Accordingly, we affirm the trial court's orders.

## BACKGROUND

In 2008 plaintiffs purchased a new Mini Cooper from Assael.  Assael utilized a single-page form contract that contained an arbitration provision on the back side. Plaintiffs initialed and signed the front side of the contract, near a provision stating, "You agree to the terms of this contract.  You confirm that before you signed this contract, we

gave it to you, and you were free to take it and review it.  You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below.  You confirm that you received a completely filled-in copy when you signed it."  The arbitration provision provided, in pertinent part, as follows:

"1.  Either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial.

"2.  If a dispute is arbitrated, you will give up your right to participate as a class representative or class member on any class claim you may have against us including any right to class arbitration or any consolidation of individual arbitrations.

"3.  Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights that you and we would have in court may not be available in arbitration.

"Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. . . . Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action.  You expressly waive any right you may have to arbitrate a class action.  You may choose one of the following arbitration organizations and its applicable rules:  the National Arbitration Forum . . . (www.arbforum.com), the American Arbitration Association . . . (www.adr.org), or any other organization that you may choose subject to our approval. . . .

"Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules.  The arbitrator shall apply governing substantive law in making an award.  . . .  We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be

reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration.

"You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable."

Plaintiffs experienced several mechanical problems with the car and took it to Assael to be repaired, but the dealer did not correct the problems. Plaintiff Carcamo then contacted BMW and complained about Assael's failure to fix the car. The car was never fixed, and plaintiffs filed this action.

4

## DISCUSSION

On appeal, plaintiffs raised two contentions as to why the arbitration provision is unenforceable: (1) it was unconscionable and (2) the class action waiver provision it contains is unenforceable, making the entire arbitration provision unenforceable pursuant to its own terms. *Sanchez*, *supra*, 61 Cal.4th 899, is dispositive on both points.

**1.     Unconscionability**

"'"[U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results."'" (*Sanchez*, *supra*, 61 Cal.4th at p. 910.) Both elements must be present to refuse enforcement of a contract or contractual provision on the ground of unconscionability, though not in the same degree. (*Ibid.*) "'[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" (*Ibid.*)

"'The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as "'"overly harsh"'" [citation], "'unduly oppressive'" [citation], "'so one-sided as to "shock the conscience"'" [citation], or "unfairly one-sided" [citation]. All of these formulations point to the central idea that unconscionability doctrine is concerned not with "a simple old-fashioned bad bargain" [citation], but with terms that are "unreasonably favorable to the more powerful party" [citation]. These include "terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms, or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction." [Citation.]' [Citation.]" (*Sanchez*, *supra*, 61 Cal.4th at pp. 910–911.) "A party cannot avoid a contractual obligation merely by complaining that the deal, in retrospect, was unfair or a

5

bad bargain.  Not all one-sided contract provisions are unconscionable; hence the various intensifiers in our formulations:  '*overly* harsh,' '*unduly* oppressive,' '*unreasonably* favorable,'" all of which "mean the same thing."  (*Id.* at p. 911.)

"An evaluation of unconscionability is highly dependent on context.  [Citation.]  The doctrine often requires inquiry into the 'commercial setting, purpose, and effect' of the contract  or contract provision.  [Citations.]  As we have recognized, "'a contract can provide a 'margin of safety' that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable.'"  [Citations.]  And, as noted, the substantive unfairness of the terms must be considered in light of any procedural unconscionability.  The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement."  (*Sanchez*, *supra*, 61 Cal.4th at pp. 911–912.)  "[T]he application of unconscionability doctrine to an arbitration clause must proceed from general principles that apply to any contract clause.  In particular, the standard for substantive unconscionability—the requisite degree of unfairness beyond merely a bad bargain—must be as rigorous and demanding for arbitration clauses as for any contract clause."  (*Id.* at p. 912.)

"Because unconscionability  is a contract defense, the party asserting the defense bears the burden of proof."  (*Sanchez*, *supra*, 61 Cal.4th at p. 911.)  "'Absent conflicting extrinsic evidence, the validity of an arbitration clause, including whether it is subject to revocation on unconscionability grounds, is a question of law subject to de novo review.  [Citations.]'"  (*Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 979.)

### a.     Procedural unconscionability

This court's prior opinion concluded that the arbitration provision "exhibited a high degree of procedural unconscionability" due to (1) the physical format of the contract, including placement of the arbitration provision on the back of the document, whereas the fields for the buyers' signatures and initials were on the front of the document; (2) the conduct of Assael's staff in "instruct[ing] the buyers where to initial

6

and sign the Sale Contract on the *front* without letting them read *any* of the contract's provisions or see that the contract had provisions on the *back*"; (3) plaintiffs' ignorance of the existence of the arbitration provision, as set forth in their declarations submitted in opposition to the motion to compel arbitration; and (4) plaintiffs' lack of opportunity to negotiate the arbitration provision.  (Prior opinion at pp. 8, 15–17.)

In *Sanchez*, *supra*, 61 Cal.4th 899, the Supreme Court concluded that "the adhesive nature" of an automobile sale contract form identical to the contract here was "sufficient to establish some degree of procedural unconscionability."  (*Id*. at p. 915.) The court, however, discounted the significance of several of the factors upon which this court's prior opinion relied.  It noted, "Valencia was under no obligation to highlight the arbitration clause of its contract, nor was it required to specifically call that clause to Sanchez's attention.  Any state law imposing such an obligation would be preempted by the FAA.  [Citations.]  Furthermore, we have held that even when a customer is assured it is not necessary to read a standard form contract with an arbitration clause, 'it is generally unreasonable, in reliance on such assurances, to neglect to read a written contract before signing it.'"  (*Id.* at pp. 914–915.)

Because plaintiffs' contract with Assael was identical to that considered in *Sanchez*, we necessarily conclude there was some degree of procedural unconscionability, but not a high degree.

b.     **Substantive unconscionability**

This court's prior opinion further concluded that the arbitration provision was substantively unconscionable based upon "four clauses . . . .  First, if an arbitration award exceeds $100,000, the losing party may appeal the decision to a panel of three arbitrators. Second, an appeal is permitted if an award includes injunctive relief.  Third, the appealing party must pay, in advance, 'the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs.'  Fourth, the provision exempts repossession from arbitration while requiring that a request for injunctive relief be submitted to arbitration."  (Prior opinion at pp. 18–19.)

7

In *Sanchez*, *supra*, 61 Cal.4th at pp. 915–917, 921–922, the Supreme Court addressed each of these clauses in an identical arbitration provision and concluded the first, second, and fourth were not unconscionable. Accordingly, we necessarily conclude that these clauses were not unconscionable.

With respect to the third clause, the Supreme Court agreed "that a requirement that a consumer front any appellate filing fees or other arbitration costs—recall that an appeal here requires not one but three arbitrators—has the potential to deter the consumer from using the appeal process. But given the Legislature's approach to the affordability of consumer arbitration [Code of Civil Procedure, section 1284.3], the provision cannot be held unconscionable absent a showing that appellate fees and costs in fact would be unaffordable or would have a substantial deterrent effect in Sanchez's case." (*Sanchez*, *supra*, 61 Cal.4th at p. 920.) "The dispute in this case concerns a high-end luxury item. Sanchez does not claim, and no evidence in the record suggests, that the cost of appellate arbitration filing fees were unaffordable for him, such that it would thwart his ability to take an appeal in the limited circumstances where such appeal is available. We therefore conclude on the record before us that the arbitral appeal fee provision is not unconscionable." (*Id.* at p. 921.)

Here, unlike *Sanchez*, the record briefly touches upon the plaintiffs' ability to pay the costs of an appellate arbitration. Each plaintiff's declaration states, "I am informed and believe that many arbitrators typically charge hundreds of dollars per hour and that, under this clause, if Assael BMW loses it may be allowed (without our consent) to request a new arbitration with a three arbitrator panel—which would likely result in three arbitrators simultaneously charging us for their time—and that we could potentially be responsible for all of these costs if I do not win that new arbitration. We are not financially able to pay such potential arbitration fees."

This speculative assertion, however, falls far short of a showing "that appellate fees and costs *in fact would be* unaffordable or would have a substantial deterrent effect" in plaintiffs' case. (*Sanchez*, *supra*, 61 Cal.4th at p. 920, italics added; cf. *Gutierrez v.*

8

*Autowest, Inc.* (2003) 114 Cal.App.4th 77, 90–91 [plaintiffs presented declarations showing probable fees and costs and their own financial condition, including income, expenses, and savings, thus showing their inability to pay].) Moreover, Code of Civil Procedure section 1284.3, subdivision (a) prohibits nonprevailing consumers from being responsible for the opposing party's costs in any arbitration conducted in California by a neutral arbitrator or private arbitration company, and subdivision (b) of that statute requires a waiver of "[a]ll fees and costs charged to or assessed upon a consumer party by a private arbitration company in a consumer arbitration, exclusive of arbitrator fees . . . for an indigent consumer." Accordingly, in light of *Sanchez*, we conclude that the record is insufficient to deem the third clause unconscionable.

For all of these reasons, we necessarily conclude the arbitration provision is not unconscionable.

## 2.	Enforceability of class action waiver

This court's prior opinion did not address the enforceability of the class action waiver, which is critical to both the enforceability of the arbitration provision and the validity of the trial court's ruling striking the class action allegations. We must now do so.

In *Sanchez*, *supra*, 61 Cal.4th at pages 923–924, the Supreme Court addressed the same "poison pill provision" contained in the identical contract in this case. It concluded the class action waiver was not unconscionable, in light of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 [131 S.Ct. 1740]. It further concluded "that the CLRA's antiwaiver provision is preempted insofar as it bars class waivers in arbitration agreements covered by the FAA," as is the agreement in issue in both *Sanchez* and the present case. Accordingly, we necessarily conclude that the class action waiver in the contract is enforceable, the "poison pill" provision thus does not come into play, and the arbitration provision in the contract is enforceable. Moreover, because plaintiffs waived their rights to pursue a class action, the trial court properly struck the class allegations from the complaint.

## DISPOSITION

The trial court's orders are affirmed.  Each party is to bear its own costs on appeal.

NOT TO BE PUBLISHED.


                                                        LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.